IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

CHRISTOPHER BARTOLOME,            )      CIVIL NO. 06-00176 SOM-LEK
                                  )
          Plaintiff,              )
                                  )
     vs.                          )
                                  )
CITY AND COUNTY OF HONOLULU       )
POLICE DEPARTMENT, ET AL.,        )
                                  )
          Defendants.             )
_____ )

**ORDER GRANTING DEFENDANTS COLBY KASHIMOTO'S AND DARREN CACHOLA'S
MOTION TO SET ASIDE ENTRY OF DEFAULT**

Before the Court is Defendants Colby Kashimoto's

("Kashimoto") and Darren Cachola's ("Cachola") Motion to Set

Aside Entry of Default (FRCP 55©)) ("Motion"), filed June 28,

2007.  The Court finds this matter suitable for disposition

without a hearing pursuant to Rule 7.2(d) of the Local Rules of

Practice of the United States District Court for the District of

Hawai'i ("Local Rules").  After careful consideration of the

Motion, supporting and opposing memoranda, and the relevant case

law, Defendants Kashimoto's and Cachola's Motion is HEREBY

GRANTED for the reasons set forth below.

**BACKGROUND**

On March 28, 2006, Plaintiff Christopher Bartolome

("Plaintiff") filed a Complaint, alleging Fourth and Fifth

Amendment violations; various 42 U.S.C. § 1983 claims;

negligence; assault and battery; intentional infliction of

emotional distress; negligent infliction of emotional distress; and punitive damages against Defendants City and County of Honolulu Police Department ("HPD"), Boisse Correa ("Correa"),[1] Kashimoto, and Cachola (collectively "Defendants").  Plaintiff claims that on March 31, 2004, Kashimoto and Cachola, both HPD Officers, stopped him as he rode his motorcycle and, without provocation, assaulted him.  They then arrested him for driving under the influence and reckless driving.  Plaintiff allegedly suffered a broken rib.

Plaintiff served Kashimoto and Cachola with a copy of the Complaint on February 14 and February 21, 2007, respectively. On June 4, 2007, Plaintiff moved for entry of default against Defendants, and the Court entered default on June 6, 2007.  The Honolulu Police Commission ("HPC"), on June 6, determined that Kashimoto's and Cachola's actions were undertaken during their police duties and consequently approved their legal representation by the Department of Corporation Counsel.

Kashimoto and Cachola now move to set aside entry of default under Federal Rule of Civil Procedure 55©).  They argue that there is good cause for their delay in responding to the Complaint because of the procedure that they must adhere to in order to obtain legal representation.  They note that because the

---

[1]  The parties stipulated to dismiss the claims against Boisse Correa with prejudice on June 28, 2007.

Court entered default against them on the same day HPC determined
that they were entitled to representation, Corporation Counsel
did not have an opportunity to file responsive pleadings on their
behalf prior to the entry of default.  Defendants further proffer
that even default judgment would be properly set aside under
Federal Rule of Civil Procedure 60(b).  Thus, a consideration of
the factors relevant to the inquiry of setting aside default
judgment favor setting aside the entries of default.
Specifically, Defendants contend that they will assert qualified
immunity, a meritorious defense; Plaintiff will not be prejudiced
if the defaults are set aside; and their conduct did not lead to
the default.

On July 5, 2007, Plaintiff filed an Opposition.  He
argues that there is no good cause for Kashimoto's and Cachola's
delay in responding to the Complaint.  According to Plaintiff,
Corporation Counsel informed Kashimoto and Cachola about the
Complaint at the time it was filed in 2006 and there is no reason
for their failure to then accept service or request legal
counsel.  Plaintiff also asserts that there is no explanation for
HPC's delay in determining that Corporation Counsel would
represent Kashimoto and Cachola, especially given the
representation of HPD.

Plaintiff secondly contends that Rule 60(b) is not
applicable in the instant case, which merely involves the entry

3

of default, not judgment.  Nevertheless, Plaintiff discusses the factors considered in the determination of setting aside default judgment.  First, he argues that Kashimoto and Cachola do not have a meritorious defense because they violated HPD's rules and standards of conduct regarding the use of force.  Second, he claims that he will be prejudiced if the Court sets aside the entry of default because a year and three months have passed since he filed his Complaint, the Court has already extended the trial date and other deadlines, and he experienced difficulty serving Kashimoto and Cachola.  Lastly, Plaintiff disputes Kashimoto's and Cachola's assertion that the delay was not their fault.  He notes that they did not provide any declarations to support their claim that they followed the applicable procedures.

On July 18, 2007, Kashimoto and Cachola filed a Reply. They argue that Plaintiff's Opposition is factually inaccurate in the following respects: 1) Corporation Counsel did not refuse, as Kashimoto's and Cachola's attorney, to accept service; prior to June 6, 2007, they were not authorized to represent them and could not therefore accept service on their behalf; 2) Chuck T. Narikiyo, former Deputy Corporation Counsel handling this matter, never represented to the Court that an answer would be filed by the end of April, as Corporation Counsel had no control over HPC's determination of Kashimoto's and Cachola's entitlement to legal representation; 3) Deputy Corporation Counsel D. Scott Dodd

4

informed Plaintiff that Corporation Counsel could not represent
Kashimoto or Cachola until HPC made its determination, not that
the officers could just accept service and request counsel; and
4) Kashimoto and Cachola did not evade service, but rather,
Plaintiff failed to make proper service.

Kashimoto and Cachola further assert that Plaintiff
does not understand the procedure set forth in Hawai'i Revised
Statutes § 52D-9, which provides that a determination of whether
an officer was acting in the scope of duty must be made before
the officer is entitled to legal representation by the county.
Lastly, they contests the facts provided by Plaintiff, noting
that the facts are unsupported statements of Plaintiff's
attorney.

## DISCUSSION

Courts generally disfavor default judgments because the
interests of justice are best served by obtaining a judgment on
the merits whenever reasonably possible.  See Pena v. Seguros La
Comerical, S.A., 770 F.2d 811, 814 (9th Cir. 1985).  Therefore,
courts liberally construe motions to set aside entries of default
in favor of the movants.  See Mendoza v. Wight Vineyard Mgmt.,
783 F.2d 941, 945-46 (9th Cir. 1986) ("Where timely relief is
sought from a default . . . and the movant has a meritorious
defense, doubt, if any, should be resolved in favor of the motion
to set aside the [default] so that cases may be decided on their

merits.") (citation and internal quotation marks omitted)
(alterations in original).

A court may set aside an entry of default for "good
cause shown[,]" Fed. R. Civ. P. 55©), and has broad discretion in
deciding whether set aside is warranted.  See Brady v. United
States, 211 F.3d 499, 504 (9th Cir. 2000).  The good cause
standard for determining whether to set aside an entry of default
is the same standard that governs vacating a default judgment
under Federal Rule of Civil Procedure 60(b).  See Franchise
Holding II, LLC v. Huntington Rests. Group, Inc., 375 F.3d 922,
925 (9th Cir. 2004), cert. denied, 544 U.S. 949 (2005).  There
are three factors that courts consider in determining whether
good cause exists to set aside an entry of default: 1) whether
the moving party engaged in culpable conduct that led to the
default; 2) whether the moving party has a meritorious defense;
or 3) whether setting aside the entry of default will prejudice
the non-moving party.  See id. at 925-26.  The moving party bears
the burden of establishing that these factors favor setting aside
the entry of default.  See id. at 926.

First, Kashimoto and Cachola argue that their conduct
did not lead to the default.  Plaintiff alleges that they evaded
service, but has not offered any evidence to support this claim.
Kashimoto and Cachola cannot be said to have evaded service
merely because Corporation Counsel, which was not authorized to

6

represent them until June 2007, would not accept service on their
behalf prior to the date of authorization.  Moreover, Kashimoto
and Cachola are not culpable for the delay in responding to
Plaintiff's Complaint.  Before they could obtain legal
representation, HPC had to make a determination of whether they
were acting in the scope of duty.  See Haw. Rev. Stat. § 52D-9
("The determination of whether an act, for which the police
officer is being prosecuted or sued, was done in the performance
of the police officer's duty, so as to entitle the police officer
to be represented by counsel provided by the county, shall be
made by the police commission of the county.").  Kashimoto and
Cachola represent that they promptly notified Internal Affairs
after being served and Internal Affairs immediately forwarded the
notice to HPC thereafter.  HPC did not approve legal
representation for Kashimoto and Cachola until June 6, 2007, the
same day the Court entered default.  Accordingly, the first
factor weighs in favor of setting aside the entry of default.

Kashimoto and Cachola secondly argue that they will
assert qualified immunity as a defense.  Qualified immunity is
available to officers not merely as a defense to liability, but
as immunity from suit.  Saucier v. Katz, 533 U.S. 194, 200
(2001).  Thus, even where an officer violates an individual's
constitutional rights, he "is entitled to qualified immunity if
the right violated was not 'clearly established.'"  Davis v. Las

7

<u>Vegas</u>, 478 F.3d 1048, 1056 (9th Cir. 2007) (quoting <u>Saucier</u>, 533
U.S. at 201-02).  To determine whether a right is clearly
established, the dispositive inquiry is "whether it would be
clear to a reasonable officer that his conduct was unlawful in
the situation he confronted." <u>Id.</u> (quoting <u>Saucier</u>, 533 U.S. at
202) (quotation marks omitted).  Qualified immunity clearly
provides Kashimoto and Cachola with a meritorious defense.  By so
holding, however, the Court does not express any opinion on
whether Kashimoto and Cachola will ultimately be entitled to
immunity.  This factor, like the first factor, weighs in favor of
setting aside default.

        Finally, the Court finds that any prejudice to
Plaintiff would be slight if the Court sets aside the entry of
default.  Plaintiff emphasizes that more than a year has passed
since he filed his Complaint.  While this is true, the Court
notes that he did not serve Kashimoto and Cachola until February
of this year.  Plaintiff also asserts that the Court has already
had to extend deadlines.  However, there is no evidence to
suggest, nor has Plaintiff claimed, that evidence has been lost,
destroyed or has become more difficult to obtain, or that the
costs to pursue the action will increase to an unfair degree.
<u>Accord</u> <u>Lowery v. Hoffman</u>, 188 F.R.D. 651, 655 (M.D. Ala. 1999).
The Court therefore finds, in consideration of this and the
previous two factors, that Kashimoto and Cachola have established

8

good cause to set aside the entry of default.

## CONCLUSION

Based on the foregoing, Defendants Kashimoto's and Cachola's Motion to Set Aside Entry of Default (FRCP 55©)), filed June 28, 2007, is HEREBY GRANTED.  Defendants Kashimoto and Cachola shall file their Answer to the Complaint by no later than August 24, 2007.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, July 27, 2007.



     /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

CHRISTOPHER BARTOLOME V. CITY AND COUNTY OF HONOLULU POLICE DEPARTMENT, ET AL; CIVIL NO. 06-00176 SOM-LEK; ORDER GRANTING DEFENDANTS COLBY KASHIMOTO'S AND DARREN CACHOLA'S MOTION TO SET ASIDE ENTRY OF DEFAULT