IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHRISTOPHER BARTOLOME, | ) | CIVIL NO. 06-00176 SOM/LEK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART DEFENDANTS' |
| vs. | ) | MOTION FOR JUDGMENT ON THE |
| | ) | PLEADINGS |
| CITY AND COUNTY OF HONOLULU | ) | |
| POLICE DEPARTMENT; BOISSE | ) | |
| CORREA, Chief of Police; | ) | |
| COLBY KASHIMOTO, Police | ) | |
| Officer; DARREN CACHOLA, | ) | |
| Police Officer, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

I.       INTRODUCTION AND BACKGROUND FACTS.

  This is a case about alleged police brutality and an alleged failure to provide appropriate medical assistance. Plaintiff Christopher Bartolome says that, on or about March 31, 2004, he was on his motorcycle when, noticing that police officers were following him, he stopped.  Complaint (Mar 28, 2006) ¶¶ 10, 11.  Bartolome says that Honolulu Police Department Officer Colby Kashimoto, without provocation, pulled him off the motorcycle, threw him to the ground, then punched him several times in his back.  ¶¶ 12, 17.  Bartolome says that Officer Darren Cachola then joined Officer Kashimoto in the assault.  Id.

¶ 13.  Bartolome says that he begged the officers to stop beating him.  Id. ¶ 17.

Bartolome alleges that he was arrested for driving under the influence, for refusing to stop, and for reckless driving.  Id. ¶¶ 18, 22.  He says that his motorcycle and helmet were damaged when they fell to the ground while he was being pulled off of the motorcycle.  Id. ¶ 15.  Bartolome alleges that he told the officers that his back hurt, he was having a hard time breathing, and he wanted to see a doctor, but the officers instead conducted a field sobriety test and took him to the police station.  Id. ¶¶ 19-20.  Bartolome alleges that, at the police station, he took an intoxilyzer test that indicated that he had not been drinking.  Id. ¶ 21.  Bartolome was then taken to Kapiolani Pali Momi Hospital, where he was diagnosed with a broken rib.  Id. ¶¶ 23-24.

Plaintiff alleges that, at some time after he was released on bail, he sought additional medical treatment at Kaiser Hospital.  He says that at that time he took a drug test, which indicated that he was not then under the influence of drugs.  Id. ¶ 26.

On October 3, 2007, Defendants filed a motion for judgment on the pleadings.  The court grants that motion in part and denies it in part. Defendant City and County of Honolulu Police Department is dismissed because it is not the proper

party.  Bartolome, however, is given leave to file an Amended Complaint to correctly name the municipal defendant in this matter.

The court also grants the motion to the extent it argues that Count 2 fails to state a claim, as that count only alleges negligent conduct.  Again, Bartolome is given leave to amend his Complaint to remedy Count 2's deficiencies.

The court also grants the motion to the extent it contends that there is no Sixth or Eighth Amendment violation and that there is no municipal liability for punitive damages.

The remainder of the motion for judgment on the pleadings is denied.

II.     LEGAL STANDARD.

Rule 12(c) motions for judgment on the pleadings should be granted when, taking all material allegations in a complaint as true and construing them in the light most favorable to the nonmoving party, the moving party demonstrates that it is entitled to judgment as a matter of law.  Geraci v. Homestreet Bank, 347 F.3d 749, 751 (9th Cir. 2003) ("A motion for judgment on the pleadings should be granted where it appears the moving party is entitled to judgment as a matter of law."); Honey v. Distelrath, 195 F.3d 531, 532 (9th Cir. 1999) ("Judgment on the pleadings is proper when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a

matter of law."); Hoeft v. Tucson Unified Sch. Dist., 967 F.2d 1298, 1301 n.2 (9th Cir. 1992) ("In reviewing the defendants' motions under Fed.R.Civ.P. 12(c), the district court views the facts as presented in the pleadings in the light most favorable to the plaintiffs, accepting as true all the allegations in their complaint and treating as false those allegations in the answer that contradict the plaintiffs' allegations.").

Under Rule 12(c), when matters outside the pleadings are considered, the motions are treated as motions for summary judgment. Fed. R. Civ. P. 12(c) ("If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."); Grimmett v. Brown, 75 F.3d 506, 510 (9th Cir. 1996) (converting a Rule 12(c) motion to a motion for summary judgment under Rule 56 because matters outside the pleadings were considered).

III.     ANALYSIS.

   A.    Bartolome Has Named the Wrong Party.

The Complaint names the City and County of Honolulu Police Department ("HPD") as a defendant. HPD, however, is not an independent legal entity. See Meyer v. City & County of Honolulu, 6 Haw. App. 505, 507 n.1, 729 P.2d 388, 390 n.1, rev'd

in part on other grounds, 69 Haw. 8, 731 P.2d 149 (1986). Accordingly, all claims against HPD are dismissed.

As Bartolome notes, the proper municipal defendant in this case is the City and County of Honolulu ("City"). Opposition at 2; Meyer, 6 Haw. App. at 507 n.1, 729 P.2d at 390 n.1. Because the City is well aware of the claims being asserted by Bartolome, it will not be prejudiced if Bartolome is allowed to amend the Complaint to name the City as a Defendant. The court therefore grants Bartolome's request to amend his Complaint to add the City as a Defendant.[1] The parties should immediately contact the Magistrate Judge assigned to this case to conduct a Rule 16 conference in light of any amended complaint that Bartolome files.

---

[1] Although the court is dismissing the claims asserted against HPD, the court nevertheless analyzes municipal liability below in an attempt to provide the parties with guidance, as Bartolome will be substituting the City for HPD. Defendants are technically correct that Local Rule 10.3 required Bartolome to attach his proposed amended pleading to his request for leave to amend his complaint. Bartolome did lodge a proposed amended pleading shortly before the hearing on this matter but withdrew it to file a fuller amendment. Defendants will not be prejudiced by Bartolome's failure to comply with the Local Rule, as they are being given 20 days to respond to any amended complaint and the court has agreed to adjust the various deadlines set in this case.

Bartolome has already dismissed all claims against Chief of Police Boisse Correa. See Stipulation for Partial Dismissal with Prejudice as to All Claims Against Chief of Police Boisse Correa (June 28, 2007).

B.   Counts 2, 3, and 4--Municipal Liability for
     Alleged Violations of 42 U.S.C. § 1983.

Bartolome clarified at the hearing on the present motion that Counts 2, 3, and 4 are only asserting municipal liability for violations of § 1983, which provides, in relevant part:

> [E]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party in an action at law, suit in equity or other proper proceeding to redress.

42 U.S.C. § 1983.

Local governmental bodies such as counties and municipalities are considered "persons" and may be sued under § 1983.  See Monell v. Dept. of Social Services, 436 U.S. 658, 690 (1978).  However, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."  Id. (no respondeat superior liability).

Municipal liability under § 1983 may be established in one of three ways.

> First, the plaintiff may prove that a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity. Second, the plaintiff may establish that the individual who committed the constitutional

6

> tort was an official with final policy-making
> authority and that the challenged action
> itself thus constituted an act of official
> governmental policy.  Whether a particular
> official has final policy-making authority is
> a question of state law.  Third, the
> plaintiff may prove that an official with
> final policy-making authority ratified a
> subordinate's unconstitutional decision or
> action and the basis for it.

Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1993) (citations and internal quotations omitted).

At the hearing on the present motion, Bartolome clarified that Counts 2, 3, and 4 of the Complaint are based on the theory that the municipal defendant is liable for injuries that arise from an official policy or custom.  See Monell, 436 U.S. at 694; Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) ("a municipality may be held liable under § 1983 only for constitutional violations occurring pursuant to an official government policy or custom").

"[T]here are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983."[2]  City of Canton v. Harris, 489 U.S. 378, 387 (1989).  "[I]nadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to

---

[2] The Ninth Circuit has recognized municipal liability based on a failure to supervise claim as well.  See Anderson v. Warner, 451 F.3d 1063, 1070 (9th Cir. 2006) ("A failure to train or supervise can amount to a 'policy or custom' sufficient to impose liability on the County.").

7

deliberate indifference to the rights of persons with whom the police come into contact." Id. at 388. In other words, only when a city's "failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." Id. Moreover, for liability to attach to a municipality's failure to train, the lack of training "must be <u>closely related</u> to the ultimate injury." Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001). "In other words, a plaintiff must show that his or her constitutional 'injury would have been avoided' had the governmental entity properly trained its employees." Id.

"Deliberate indifference" occurs when "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." City of Canton, 489 U.S. at 390; accord Gregory v. County of Maui, 414 F. Supp. 2d 965, 969 (D. Haw. 2006). Whether a city has displayed a policy of deliberate indifference to the constitutional rights of its citizens is generally a jury question. Gibson v. County of Washoe, 290 F.3d 1175, 1194-95 (9th Cir. 2002).

Count 2 of the Complaint alleges that the municipal defendant <u>negligently</u> hired, supervised, trained, or controlled

Officers Kashimoto and Cachola.  Count 2 fails to allege inadequacy of police training or supervision that amounts to deliberate indifference such that it can be said to be a policy or custom of the municipal defendant.  Accordingly, the court dismisses Count 2, but grants Bartolome leave to amend his Complaint to allege a viable claim for municipal liability under § 1983 based on the allegations forming the bases of Count 2.

Count 3 also alleges that the municipal defendant <u>negligently</u> hired, supervised, trained, or controlled Officers Kashimoto and Cachola.  It then alleges that the municipal defendant had knowledge of the unlawful arrest and continued imprisonment and prosecution of Bartolome, and that the municipal defendant failed to take action to prevent further violations of his rights.  Count 3 alleges that the municipal defendant's failures constituted deliberate indifference on the municipal defendant's part.  Although Count 3 is not entirely clear, the court reads it as sufficiently alleging a claim for municipal liability under § 1983.  Count 3 survives the present motion for judgment on the pleadings, but Bartolome may want to supplement it in his amended pleading.

The court is unconvinced by Defendants' argument that Bartolome has to specifically identify the challenged policy or custom to withstand the present motion.  "'In this circuit, a claim of municipal liability under [§] 1983 is sufficient to

9

withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice.'" Whitaker v. Garcetti, 486 F.3d 572, 581 (9th Cir. 2007) (quoting Galbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002)).

Count 4 similarly survives the present motion for judgment on the pleadings. Count 4 alleges that the municipal defendant's actions "constitute a pattern of conduct of rights violations committed by police officers." Complaint ¶ 34. It then alleges that the municipal defendant had a "practice, policy, custom, or usage of rights violations as described in this Complaint." Id. These allegations sufficiently allege conduct on the part of the municipal defendant actionable under § 1983. Nevertheless, if Bartolome files an Amended Complaint, Bartolome should consider amending Count 4 to more clearly articulate the factual and legal bases of liability for that claim.[3]

---

[3] In his opposition, Bartolome conceded that he has no viable § 1983 claim based on alleged violations of his Sixth and Eighth Amendment rights. See Opposition at 8 ("Plaintiff concedes there is no claim based upon the Sixth Amendment and Eighth Amendment constitutional violations in this case and agrees to strike it from the complaint.").

### C.   Count 7--Punitive Damages.

Count 7 asserts that the municipal defendant and Officers Kashimoto and Cachola "acted wilfully, wantonly, oppressively, and with malice that implies a spirit of mischief or criminal indifference in violating" Bartolome's civil rights. Complaint ¶ 37.  Count 7 therefore seeks punitive damages.  The municipal defendant has moved for judgment on the pleadings, arguing that it cannot be liable for such punitive damages.  See Kentucky v. Graham, 473 U.S. 159, 167 n.13 (1985) ("punitive damages are not available under § 1983 from a municipality"); Lauer v. Young Men's Christian Ass'n of Honolulu, 57 Haw. 390, 402, 557 P.2d 1334, 1342 (1976) ("Public policy dictates the conclusion that the City, as a municipal corporation, should not be held liable for punitive damages").  "Plaintiff concedes that this punitive damage claim goes to the individual defendants Cachola and Kashimoto only and not to the City."  Opposition at 8.  As the municipal defendant is entitled to judgment on the pleadings on Count 7, the motion is granted to the extent that count sought punitive damages from the municipal defendant.

### D.   Other Counts.

Defendants did not move for judgement on the pleadings with respect to the other counts asserted in the Complaint.  As discussed at the hearing, in any Amended Complaint, Bartolome should make it clear which Defendants are the subject of each

11

count.  For example, Count 1 appears to be asserting that Officers Kashimoto and Cachola used excessive force when they arrested Bartolome.  However, that Count actually asserts that all Defendants used excessive force, including the municipal defendant.  Counts 5, 8, and 9 similarly assert that all of the Defendants are being sued for their negligence and for causing emotional distress, but Bartolome may not intend to pursue these claims against all Defendants.

In addition, Bartolome may want to clarify the bases of each count.  For example, it is unclear whether Count 1 asserts not just a § 1983 excessive force claim but also a § 1983 improper seizure claim based on a lack of probable cause. Paragraph 30 appears to allege an arrest without probable cause in addition to an arrest using excessive force, but clarification might avoid an unnecessary motion.  It is similarly unclear what the factual bases of Counts 5, 8, and 9 are.

IV.     CONCLUSION.

As discussed above, HPD is dismissed as a defendant. Bartolome is given leave, however, to amend his Complaint to name the City as a defendant.

Judgment on the pleadings is granted in favor of Defendants on Count 2 of the Complaint, which alleges municipal liability under § 1983.  Bartolome is given leave to amend his

Complaint to state a viable § 1983 claim based on the facts underlying Count 2.

Judgment on the pleadings is granted in favor of the municipal defendant on Count 7, which asserts punitive damages.

If Bartolome chooses to amend his Complaint, he must do so no later than December 15, 2007.  Defendants should respond within 20 days.  If an Amended Complaint is filed, the dispositive motions cutoff is extended to February 26, 2008.  The parties shall also immediately contact the Magistrate Judge assigned to this case to adjust the discovery cutoff and other dates in this case, including the trial date, which shall be assigned a start date of July 29, 2008, or earlier.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 27, 2007.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Bartolome v. City and County of Honolulu Police Dep't., Civ. No. 06-00176 SOM/LEK; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS