IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHRISTOPHER BARTOLOME, | ) | CIV. NO. 06-00176 BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| COLBY KASHIMOTO and | ) | |
| DARREN CACHOLA, | ) | |
| | ) | |
| Defendants. | ) | |

_____

ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT
NOTWITHSTANDING THE VERDICT AND/OR NEW TRIAL

Before the Court is Plaintiff Christopher Bartolome's Motion For Judgment Notwithstanding The Verdict And/Or For A New Trial.  After careful consideration of the Motion and the memoranda in support and in opposition, Plaintiff's Motion is DENIED.

BACKGROUND

Mr. Bartolome brought suit against Defendants Officers Colby Kashimoto and Darren Cachola of the Honolulu Police Department (hereinafter "Defendants"), and against the City and County of Honolulu.  Mr. Bartolome alleged that Defendants lacked probable cause, used excessive force and otherwise caused injuries when arresting him on March 31, 2004.  Defendants alleged that

Mr. Bartolome failed to comply with the orders of Officers Kashimoto and Cachola, and that Mr. Bartolome's injuries resulted from reasonable force used in the course of subduing and arresting him.

Defendants initially recorded the reason for Mr. Bartolome's arrest as Driving Under the Influence. When Mr. Bartolome was taken to the police station, he was given a breathalizer test which revealed no presence of alcohol.  Mr. Bartolome was also evaluated at the police station for intoxication by Honolulu Police Officer Robert Steiner.  Officer Steiner testified at trial that his evaluation suggested that Mr. Bartolome was under the influence of intoxicants.  However, after Officer Steiner testified at trial, it became clear that Officer Steiner had not yet been certified as a drug influence evaluator (hereinafter "DRE") at the time he evaluated Mr. Bartolome.  In light of the fact that Officer Steiner was not certified, at the close of evidence, the Court instructed the jury to disregard his testimony.

All claims against the City and County of Honolulu were dismissed before trial.  Mr. Bartolome's probable cause claim and all negligence claims were dismissed at the close of Plaintiff's case at trial.  The jury returned a verdict in favor of Defendants and against Mr. Bartolome on April 30, 2009.

## STANDARD OF REVIEW

When a party has moved for judgment as a matter of law during trial,

the "movant may file a renewed motion for judgment as a matter of law." Fed. R. Civ. P. 50(b). Such motion may be granted if "the court finds that a reasonable jury would not have a legally sufficient basis" to find against the movant. Fed. R. Civ. P. 50(a). A court may grant a motion for a new trial under Rule 59 "only if the jury's verdict was against the clear weight of the evidence." Union Oil Co. v. Terrible Herbst, Inc., 331 F.3d 735, 742 (9th Cir. 2003). The jury's verdict should not be disturbed if it is supported by evidence, even if a contrary conclusion could have been reached from the evidence. "It is not the court's place to substitute our evaluation for those of the jurors." Id.

## DISCUSSION

Mr. Bartolome never moved for judgment as a matter of law under Rule 50(a). As a result, his motion under Rule 50(b) fails as a matter of law. Fed. R. Civ. P. 50(b). The Court, therefore, addresses Mr. Bartolome's substantive arguments as they relate to his motion for a new trial.

Mr. Bartolome argues broadly that the jury's verdict was against the weight of the evidence because it is uncontested that Defendants struck Mr. Bartolome and that he suffered injuries. However, the reason Defendants struck Mr. Bartolome and the manner in which he suffered his injuries were sharply contested at trial. The parties and their witnesses provided different accounts of

the events in question, with both Plaintiff and Defendants offering evidence supporting their theory of the case.  As a result, this case required the jury to carefully weigh the evidence and make determinations about the credibility of witnesses.  There was certainly evidence to support the jury's verdict, even if a different conclusion might have been reached.

Mr. Bartolome also argues that a new trial is warranted because the testimony of Officer Steiner was improperly heard by the jury and was highly prejudicial.  Prior to Officer Steiner's testimony, Mr. Bartolome objected on the grounds that Officer Steiner had not been identified as an expert witness.[1]  The objection was overruled because such a designation was deemed unnecessary.  Officer Steiner testified that in his opinion Mr. Bartolome was under the influence of intoxicants, most likely crystal methamphetamine.  Officer Steiner also testified that he was certified as a DRE during the year of Mr. Bartolome's arrest, but that he could not recall the exact month when he was certified.  Officer Steiner was never asked, while on the stand, whether he was certified at the time he performed the evaluation on Mr. Bartolome.

Subsequently, the Court further questioned Defendants about Officer

---

[1] Mr. Bartolome points out that he also filed a Motion in Limine to exclude unspecified prior bad acts by Mr. Bartolome.  However, the issue of Mr. Bartolome's possible intoxication on the night of the alleged injury does not relate to a *prior* bad act, and therefore the Motion in Limine Mr. Bartolome points to is irrelevant.

Steiner's certification.  It was revealed that Officer Steiner was not certified prior to his evaluation of Mr. Bartolome and that the evaluation of Mr. Bartolome was the final evaluation Officer Steiner was required to perform under supervision prior to being certified as a DRE.  The Court therefore instructed to jury to disregard the testimony of Officer Steiner.

      Mr. Bartolome contends that the admission of Officer Steiner's testimony was highly prejudicial and that the prejudice was incurable by a jury instruction.  The Court disagrees.  Any prejudice resulting from Officer Steiner's testimony was addressed by the Court's instruction to the jury to disregard Officer Steiner's testimony.  Caudle v. Bristow Optical Co., 224 F.3d 1014, 1023 (9th Cir. 2000)("The law presumes that jurors carefully follow the instructions given to them.").  In addition, Mr. Bartolome had an opportunity to investigate Officer Steiner's qualifications in discovery, or to cross examine him as to the status of his DRE certification while he was on the witness stand.  Mr. Bartolome failed to take advantage of these opportunities, and as a result, it was left to the Court to remedy any possible prejudice resulting from Officer Steiner's testimony.  Under the circumstances, the jury's verdict in favor of Defendants was not against the clear weight of the evidence and a new trial would be inappropriate.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion For Judgment Notwithstanding The Verdict And/Or New Trial is DENIED.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, June 1, 2009.



    /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Christopher Bartolome v. Colby Kashimoto, et al., Civ. No. 06-00176 BMK; Order Denying Plaintiff's Motion For Judgment Notwithstanding The Verdict And/Or New Trial