IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER BARTOLOME, ) | CIV. NO. 06-00176 BMK |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| COLBY KASHIMOTO and ) | |
| DARREN CACHOLA, ) | |
| ) | |
| Defendants. ) | |

ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

Before the Court is Defendants Colby Kashimoto and Darren Cachola's ("Defendants") Rule 50 Motion For Judgment As A Matter Of Law.[1] Plaintiff brought suit alleging that Defendant Honolulu Police Officers Kashimoto and Colby lacked probable cause and used excessive force in affecting Plaintiff's arrest

---

[1] Defendants moved for judgment as a matter of law on the following issues: (1) whether the Defendants had probable cause to arrest Mr. Bartolome, (2) whether Mr. Bartolome's §1983 claim for excessive force was precluded due to his deferred acceptance of nolo contendere ("DANC") plea to H.R.S. § 710-1027 *Resisting an order to stop a motor vehicle*, and (3) whether Mr. Bartolome's claims for negligence and negligent infliction of emotional distress failed as a matter of law due to Defendants' qualified privilege under Hawaii state law. The Court ruled from the bench that (1) the Defendants had probable cause for Mr. Bartolome's arrest, (2) that Mr. Bartolome's §1983 claim was not precluded by his DANC plea, and (3) Mr. Bartolome's negligence-based claims fail as a matter of law. This written order addresses Defendants' motion only as to the issue of Mr. Bartolome's negligence-based claims and Defendants' qualified immunity.

on the night of March 31, 2004.  Plaintiff also brought federal and state law claims arising from this incident, including negligence and negligent infliction of emotional distress, against Defendants and against the City and County of Honolulu.  All claims against the City and County were dismissed before trial.

Defendants brought the present Motion at the close of Plaintiff's evidence during jury trial.  Mr. Bartolome orally opposed the Motion at a hearing held April 27, 2009.  After careful consideration of the Motion, and the arguments supporting and opposing the Motion, the Court finds that Mr. Bartolome's claims for negligence and negligent infliction of emotional distress are incompatible with the qualified immunity afforded to the Defendant police officers under Hawaii state law.  Therefore, Defendants' Motion as to Mr. Bartolome's claims for negligence and negligent infliction of emotional distress is GRANTED.

## STANDARD OF REVIEW

Judgment as a matter of law is appropriate "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."  Fed. R. Civ. P. 50(a).  In deciding a motion for judgment as a matter of law, "the court must draw all reasonable evidentiary inferences in favor of the non-moving party."  Ritchie v. United States, 451 F.3d 1019, 1023(9th Cir. 2006).

## ANALYSIS

Hawaii state law provides that nonjudicial governmental officials enjoy a "qualified or conditional privilege" when performing their official duties. Towse v. State, 647 P. 2d 696, 702 (Haw. 1982). "[T]here is no dispute that [police officers] are nonjudicial government officials who are eligible for the qualified or conditional privilege discussed in Towse." Edenfield v. Estate of Willets, 2006 WL 1041724, *12 (D. Haw. 2006). The Hawaii Supreme Court has held that this qualified privilege "allow[s] the action to proceed but [] limit[s] liability to only the most guilty of officials by holding plaintiffs to a higher standard of proof than in normal tort cases." Medeiros v. Kondo, 522 P.2d 1269, 1272 (Haw. 1974). Thus, to overcome this qualified privilege, a plaintiff must prove by clear and convincing evidence that an official was "motivated by malice and not by an otherwise proper purpose." Towse, 647 P.2d at 702.

In analyzing the qualified privilege, different definitions of malice are employed in relation to different claims. "We realize that the word malice has acquired a plethora of definitions." Id. (Internal quotations omitted.) For defamation claims, courts have used the "reasonable man" test. Id. at 703; see also Black v. Correa, 2008 WL 3845230, *7-8 (D. Haw. 2008). However, for claims other than defamation, courts have applied an "actual malice" test. Awakuni v.

Awana, 165 P.3d 1027, 1041-42 (Haw. 2007)(applying the "actual malice" test in the context of an alleged breach of fiduciary duty); Edenfield, 2006 WL 1041724, *12 (applying the "actual malice" test in the context of claims for assault, battery, intentional infliction of emotional distress and negligent infliction of emotional distress); Ogden v. County of Maui, 554 F.Supp. 2d 1141, 1153(D. Haw. 2008)(applying the "actual malice" test in the context of a negligence claim). Here, Mr. Bartolome's claims are for negligence and negligent infliction of emotional distress; therefore the scope of the Defendants' qualified privilege is correctly analyzed under the "actual malice" test.

When the "actual malice" test is employed, "the phrase 'malicious or improper purpose' should be defined in its ordinary and usual sense." Awakuni, 165 P.3d at 1042. In defining malice, the Court has turned to Black's Law Dictionary, wherein malice is defined as "'the intent, without justification or excuse to commit a wrongful act[,]' 'reckless disregard of the law or of a person's legal rights[,]' and '[i]ll will; wickedness of heart.'" Id. (quoting Black's Law Dictionary 976 (8th ed. 2004). In Awukuni, the Hawaii Supreme Court held that the qualified privilege had not been overcome where there was no "evidence that any of the [defendants'] actions were motivated by ill will or an intention to commit, or a reckless disregard of committing, a wrongful act against any of the

4

[plaintiffs]."[2]  Awakuni, 165 P.3d at 1043.

To overcome a non-judicial official's qualified privilege, therefore, requires a showing that the official was "motivated by ill will or an intention to commit, or a reckless disregard of committing, a wrongful act." Id.  As a matter of law, the Court finds that such a showing is incompatible with a claim based on negligence. The level of intent required to demonstrate malice removes the alleged injurious action from the realm of negligence into that of intentionally tortious conduct. Thus, when "actual malice" must be shown, a non-judicial official's qualified privilege provides complete immunity from negligence claims.  This is in conformity with the public policy underlying the privilege that "only the most guilty of officials" should be subject to tort liability for their actions.  Medeiros, 55 Haw. at 504-05.

## CONCLUSION

For the foregoing reasons, Defendants' Motion For Judgment As A Matter Of Law is GRANTED as to Plaintiff's claims of negligence and negligent infliction of emotional distress.

---

[2] The Court endorsed this result even assuming that the Defendants were (1) "unaware of [their] duty, (2) unaware of the magnitude of the impact of their [actions] (3) chose not to obtain data although it was readily available, and (4) ignored warnings regarding the inequity of [their] actions." Awakuni, 165 P.3d at1042-43.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, June 26, 2009.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Christopher Bartolome v. Colby Kashimoto, et al., Civ. No. 06-00176 BMK; Order Granting Defendants' Motion For Judgment As A Matter Of Law